# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-384

**Caption [use short title]**

**Motion for:** Unopposed Motion to Expedite Briefing and Schedule Oral Argument

Christian, et al. v. James, et al.

Set forth below precise, complete statement of relief sought:

Expedite case; enter abbreviated briefing schedule; schedule oral argument during a June 2025 sitting.

**MOVING PARTY:** Plaintiffs-Appellants  
**OPPOSING PARTY:** Defendants-Appellees

☒ Plaintiff ☐ Defendant  
☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** David H. Thompson  
**OPPOSING ATTORNEY:** Sarah Coco

[name of attorney, with firm, address, phone number and e-mail]

Cooper and Kirk, PLLC  
1523 New Hampshire Ave. NW, Washington D.C.  
(202) 220-9600, dthompson@cooperkirk.com

Office of the New York State Attorney General  
28 Liberty St., 23rd Floor, New York, NY 10005  
212-416-6312 sarah.coco@ag.ny.gov

**Court- Judge/ Agency appealed from:** Western District of New York, Hon. John L. Sinatra

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:  
☒ Unopposed ☐ Opposed ☐ Don't Know  
Does opposing counsel intend to file a response:  
☐ Yes ☒ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No  
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ David H. Thompson  **Date:** Feb. 24, 2025  **Service:** ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| BRETT CHRISTIAN, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION,<br><br>       *Plaintiffs-Appellants*,<br>  v.<br><br>STEVEN G. JAMES, in his official capacity as Superintendent of the New York State Police, MICHAEL J. KEANE, in his official capacity as District Attorney for the County of Erie, and EVERYTOWN FOR GUN SAFETY,<br><br>       *Defendants-Appellees*. | Case No. 25-384 |

**UNOPPOSED MOTION TO EXPEDITE BRIEFING
AND SCHEDULE ORAL ARGUMENT**

Plaintiffs-Appellants Brett Christian; Firearms Policy Coalition, Inc.; and Second Amendment Foundation respectfully move this Court: (1) to expedite this appeal by entering an abbreviated briefing schedule, and (2) to schedule oral argument in June 2025. This appeal is related to *Christian v. James*, Second Circuit Docket No. 24-2847, which arose from the same set of cross-motions for summary judgment, in the same case, as this appeal. This Court previously granted a motion to expedite briefing in Docket No. 24-2847, with oral argument to be scheduled for

1

April 2025. The expedited schedule sought by this motion would enable these two appeals from the same case to be briefed and heard on a relatively similar timeline, which furthers judicial economy. Counsel for Defendants-Appellees Steven G. James, Superintendent of the New York State Police, and Michael J. Keane, District Attorney for the County of Erie, do not oppose the requested schedule.

## BACKGROUND

This appeal, and Docket No. 24-2847, both concern challenges to provisions of the Concealed Carry Improvement Act ("CCIA"), passed by New York's Legislature on July 1, 2022. Ch. 371, 2022 McKinney's N.Y. Laws 1447 (eff. Sept. 1, 2022). At issue in this appeal is the CCIA's prohibition on possessing "a firearm, rifle, or shotgun" in "public parks" (the "Parks Provision"). Penal Law § 265.01-e(2)(d). At issue in Docket No. 24-2847 is the CCIA's prohibition on possessing a gun on private property unless the owner or lessee has posted "clear and conspicuous signage indicating that the carrying of firearms, rifles, or shotguns on their property is permitted or by otherwise giving express consent" (the "Private Property Provision"). Penal Law § 265.01-d(1).

On September 13, 2022, shortly after the CCIA took effect, Plaintiffs Brett Christian, Firearms Policy Coalition, and Second Amendment Foundation filed suit under 42 U.S.C. § 1983 in the Western District of New York against the

Superintendent of the New York State Police and the District Attorney of Erie County, arguing (as relevant to this appeal) that the Parks Provision and Private Property Provision violate the Second and Fourteenth Amendments to the United States Constitution. (Compl. (Sept. 13, 2022), WDNY ECF No. 1.) Two weeks later, Plaintiffs moved for a preliminary injunction to enjoin Defendants from continuing to enforce the challenged provisions. As to the Private Property Provision, the Plaintiffs' requested injunction was limited to property open to the public. The State opposed the motion. (WDNY ECF Nos. 19, 33, 46.)

On November 22, 2022, the district court issued a preliminary injunction barring Defendants from enforcing the Private Property Provision as to private property open to the public, and reserved ruling on the portion of Plaintiffs' motion seeking an injunction as to the Public Parks Provision. (Order at 26-27 (Nov. 11, 2022), WDNY ECF No. 49.)

The State appealed and sought a stay pending appeal, which was granted. *Antonyuk v. Chiumento*, 89 F.4th 271, 294 (2d Cir. 2023). On December 8, 2023, this Court issued a consolidated opinion addressing four appeals challenging provisions of the CCIA, including Defendants' appeal of the preliminary injunction entered in this case. *See id.* at 288. As relevant here, the Court upheld the district court's preliminary injunction enjoining enforcement of the Private Property Provision as to private property open to the public, reasoning that on the preliminary

3

injunction record, the State's proffered historical precedents did not support a historical tradition of presumptively forbidding firearms on property open to the public. *Id.* at 384–86.

On remand, Plaintiffs and the State filed cross-motions for summary judgment concerning the constitutionality of the Private Property Provision and the Public Parks Provision. (WDNY ECF Nos. 73-1, 77-1.) On October 10, 2024, the district court issued a decision and order permanently enjoining enforcement of the Private Property Provision as to private property open to the public (reserving its ruling on the Public Parks Provision). (Decision & Order (Oct. 10, 2024) at 39–41, WDNY ECF No. 98 ("Private Property Order").)

The State appealed the Private Property Order. Docket No. 24-2847. The State then moved for an expedited briefing schedule for its appeal from the Private Property Order and requested an oral argument date in April 2025. This Court granted the motion. Exhibit A is this Court's Order (Bianco, J.) granting the State's motion to expedite. Briefing on that appeal is underway.

On January 8, 2025, the district court issued a separate decision and order denying an injunction as to the Public Parks Provision and granting the State's cross-motion for summary judgment as to that provision. (Decision & Order (Jan. 8, 2025) at 3, WDNY ECF No. 108 ("Public Parks Order").) On January 29, 2025, the Clerk

4

entered an interim judgment on the Public Parks Order. (Interim Judgment (Jan. 20, 2025), WDNY ECF No. 109.)

## BRIEFING ON THE PUBLIC PARKS APPEAL SHOULD BE EXPEDITED AND ORAL ARGUMENT SCHEDULED FOR JUNE 2025

Expedited briefing is appropriate here because this appeal concerning the Public Parks Provision is related to the State's appeal concerning the Private Property Provision, and the State's appeal is already on an expedited briefing schedule. (*See* Exhibit A). In *Antonyuk v. Chiumento*, this Court issued a single decision ruling on multiple challenges to separate provisions of the CCIA arising from different cases. Should the Court wish to obtain similar judicial economy here, expedited briefing on this appeal is necessary, because expedited briefing in the related appeal is already underway.

The Parties have conferred and propose an abbreviated briefing schedule that grants each side approximately six weeks to file their opening briefs, followed by 14 days for Plaintiffs-Appellants' reply brief. The Parties further propose that the case be set for oral argument during an available sitting in June 2025. The proposed briefing and argument schedule is:

Plaintiffs-Appellants' Opening Brief: March 21, 2025

Defendants-Appellees' Briefs: May 2, 2025

Plaintiffs-Appellants' Reply Brief: May 16, 2025

5

Oral Argument: June 2025

The proposed briefing and argument schedule provides sufficient time to brief the complex legal issues presented. At the same time, it ensures that the appeal will be heard prior to this Court's summer recess.

Therefore, Plaintiffs-Appellants respectfully request that this unopposed motion be granted.

Dated: February 24, 2025            Respectfully submitted,

                                               */s/ David H. Thompson*
                                               David H. Thompson
                                               Peter A. Patterson
                                               William V. Bergstrom
                                               COOPER & KIRK, PLLC
                                               1523 New Hampshire Avenue, N.W.
                                               Washington, D.C. 20036
                                               Telephone: (202) 220-9600
                                               Facsimile: (202) 220-9601
                                               dthompson@cooperkirk.com
                                               ppatterson@cooperkirk.com
                                               wbergstrom@cooperkirk.com

                                               *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,018 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

Pursuant to Fed. R. App. 27(d)(1)(E), I further certify this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: February 24, 2025            /s/ David H. Thompson
                                                    David H. Thompson

                                                    *Counsel for Plaintiffs-Appellants*