

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

June 11, 2025

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

   Re: *Christian v. James*, No. 25-384

Dear Ms. Wolfe:

  I write for defendant-appellee Steven G. James, in his official capacity as Superintendent of the New York State Police, regarding this Court's recent decision in *Zherka v. Bondi*, No. 22-1108, 2025 WL 1618440 (2d Cir. June 9, 2025), rejecting a Second Amendment challenge to a federal law which prohibits convicted felons from possessing firearms. The *Zherka* decision reaffirms many of the Second Amendment principles clarified by this Court in *Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024), which strongly support the constitutionality of the public-parks provision at issue here.

  First, *Zherka* confirms that this Court may consider Reconstruction-era history in evaluating Second Amendment challenges to state laws like the public-parks provision. Indeed, *Zherka* concludes that this question has already been settled in this Circuit: "In *Antonyuk*, we decided that Reconstruction *was* relevant to *state* regulations." 2025 WL 1618440, at *7 n.14 (citing *Antonyuk*, 120 F.4th at 973-74). Here, that evidence includes dozens of prohibitions on carrying firearms in public parks. See State Br. 28, 36.

  Second, *Zherka* reiterates the Supreme Court's repeated assurances that "longstanding prohibitions on the possession of firearms by felons" are

presumptively lawful. *See* 2025 WL 1618440, at *4 & n.7 (quotation marks omitted). In this case, the Court similarly may rely on the Supreme Court's assurances that prohibitions on firearms in schools and other locations frequented by children, like public parks, are likewise lawful, see State Br. 25-27. *See Antonyuk*, 120 F.4th at 1026-27.

  Finally, *Zherka* rejected an interpretation that ignored a historical source's use of the disjunctive "or," reasoning that "or" should be read "how it is usually employed – to present two alternative bases for permissible firearm restrictions." 2025 WL 1618440, at *12 n.32. The same is true here of North Carolina's law mirroring the Statute of Northampton, which used the disjunctive "nor" to establish two separate prohibitions, on carrying firearms "in fairs, markets" and other crowded public forums, and on bringing "force in affray of the peace." See State Br. 22-23, 35. Plaintiffs are thus mistaken in arguing that North Carolina's law prohibited only affrays. *See Antonyuk*, 120 F.4th at 1020 & n.82.

              Respectfully submitted,

              */s/ Sarah Coco*

              Sarah Coco
              Assistant Solicitor General
              (212) 416-6312

cc: Counsel of record (by ECF)