# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson　　　1523 New Hampshire Avenue, N.W.　　　(202) 220-9600
dthompson@cooperkirk.com　　　Washington, D.C. 20036　　　Fax (202) 220-9601

June 20, 2025

**<u>VIA ACMS</u>**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

　　　RE: *Christian v. James*, No. 25-384

Dear Ms. Wolfe:

　　　I write in response to the State's submission of *Zherka v. Bondi*, 2025 WL 1618440 (2d Cir. June 9, 2025), as supplemental authority.

　　　First, while *Zherka* reiterated this Court's statement in *Antonyuk* that Reconstruction-era history can be relevant, *see id.* at *7 & n.14, what *Antonyuk* said was that 1791 and 1868 are *both* "focal points" of the analysis. *Antonyuk v. James*, 120 F.4th 941, 972, 974 (2d Cir. 2024). *Antonyuk* did not hold that Reconstruction practices that *departed from* Founding practices could establish a valid tradition of regulation; that conclusion would be inconsistent with *Bruen*. Christian Reply 11, Doc. 50.1.

　　　Second, *Zherka*'s reference to *Heller*'s dictum regarding the presumptively lawful nature of prohibitions on firearm possession by felons supports Plaintiffs. Contrary to the State's preferred approach, *Zherka* did not treat that language as conclusive of the statute's constitutionality but instead conducted a fulsome historical analysis. *Zherka*, at *17. And in any event, the State is not trying to apply *Heller*'s language directly (*Heller* says nothing about bans on firearms in parks being presumptively lawful). The State rather relies on *Heller*'s statement that laws restricting carry in *schools* are presumptively lawful. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Even on the strongest view of that statement in

# Cooper & Kirk
### Lawyers

Catherine O'Hagan Wolfe, Clerk
June 20, 2025
Page 2 of 2

*Heller*, the State's argument requires it to establish *why* schools can ban firearms, and as Plaintiffs have demonstrated, the historical justification was that schools had *in loco parentis* authority over their pupils, which is irrelevant to the parks ban. Christian Reply 24–25.

Finally, the State continues to insist that there was a "North Carolina[] law mirroring the Statute of Northampton" to which it can analogize—but as Plaintiffs have shown, that was not a separate law but rather *was* the Statute of Northampton, which the Supreme Court has already bindingly interpreted to have barred only terrorizing carry at the Founding. State's Suppl. Authority Notice 1, Doc. 57.1; *see also* Christian Reply 18–20; *State v. Huntly*, 25 N.C. 418, 422–23 (1843). As such, it does not support the State's case.

                                                Sincerely,

| | |
|---|---|
| Nicolas Rotsko | /s/David H. Thompson |
| FLUET & ASSOCIATES, PLLC | David H. Thompson |
| 1751 Pinnacle Drive, Suite 1000 | Peter A. Patterson |
| Tysons, VA 22102 | William V. Bergstrom |
| (703) 590-1234 | COOPER & KIRK, PLLC |
| nrotsko@fluet.law | 1523 New Hampshire Avenue, N.W. |
| | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | dthompson@cooperkirk.com |

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF